Robert A. Schroeder (not admitted to practice in S.D.N.Y)
**Bingham McCutchen LLP**
355 South Grand Avenue, Suite 4400
Los Angeles, CA  90071-3106
Telephone:  213.680.6400
Facsimile:  213.680.6499

Philip L. Blum
**Bingham McCutchen LLP**
399 Park Avenue
New York, NY 10022
Telephone:  212.705.7916
Facsimile:  212.702.3671

*Attorneys for Defendants*
Milk Studios, LLC and Drive In 24, LLC

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Briese USA, Inc.,<br><br>              Plaintiff,<br><br>      v.<br><br>Milk Studios, LLC, Drive In 24, LLC<br>and Does 1-10 inclusive,<br><br>              Defendants. | 07 Civ 8316 (RJH)<br><br>**ANSWER OF<br>DEFENDANTS MILK STUDIOS, LLC<br>AND DRIVE IN 24, LLC**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Filed Electronically |

Defendants Milk Studios, LLC and Drive In 24, LLC (collectively "Defendants"), by

and through their attorneys, Bingham McCutchen LLP, for their answer respond to the

complaint by Briese USA, Inc. ("Plaintiff") as follows:

      1.    The allegations as to the nature of the action are admitted.  It is admitted that this

Court has subject matter jurisdiction and supplemental jurisdiction as alleged.  The other

allegations of paragraph 1 are denied.

      2.    Admitted that venue is proper in this District and that there is personal jurisdiction

over Defendants.  The other allegations of paragraph 2 are denied.

3.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 and, therefore, deny those allegations.

4.    Admitted.

5.    Admitted.

6.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 and, therefore, deny those allegations.

7.    Denied that Plaintiff is a "leading developer and supplier of specialized lighting equipment for the motion picture and entertainment industries."  The Defendants are without knowledge or information sufficient to form a belief as to the truth of the other allegations of paragraph 7 and, therefore, deny those allegations.

8.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and, therefore, deny those allegations.

9.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 and, therefore, deny those allegations.

10.    The Plaintiff's allegations contained in the final sentence of paragraph 10 are denied.  As to the other allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and, therefore, deny those allegations.

11.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 and, therefore, deny those allegations.

12.    The allegation that Defendants associate the mark Briese with Plaintiff is denied.  As to the other allegations, Defendants are without knowledge or information sufficient to form

A/72250457.2/3001432-0000328138

a belief as to the truth of the allegations of paragraph 12 and, therefore, deny those allegations.

13.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the other allegations of paragraph 13 and, therefore, deny those allegations.

14.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 and, therefore, deny those allegations.

15.    The Defendants admit having received the letter attached as an Exhibit A and admit that various actions are pending as alleged.  As to the other allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 and, therefore, deny those allegations.

16.    Defendants admit that they are "selling and/or renting equipment, including umbrellas "obtained from Briese GmbH and Hans-Werner Briese."  All other allegations of paragraph 16 are denied.

17.    In response to the allegations of paragraph 17, Defendants repeat and reallege their responses to paragraphs 1 through 16 herein.

18.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 and, therefore, deny those allegations.

19.    Denied.

20.    Denied.

21.    Denied.

22.    In response to the allegations of paragraph 22, Defendants repeat and reallege their responses to paragraphs 1 through 21 herein.

23.    Denied.

24.    Denied.

A/72250457.2/3001432-0000328138

25.    Denied.

26.    In response to the allegations of paragraph 26, Defendants repeat and reallege their responses to paragraphs 1 through 25 herein.

27.    The Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 and, therefore, deny those allegations.

28.    Denied.

29.    Denied.

30.    Dnied.

31.    Denied.

32.    Denied.

## FIRST AFFIRMATIVE DEFENSE

33.    Plaintiff fails to state a claim on which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

34.    Plaintiff's claims are barred by the doctrine of unclean hands, plaintiff's purported use of the mark BRIESE having been in the course of conduct that was unlawful, unethical and fraudulent.

## THIRD AFFIRMATIVE DEFENSE

35.    Plaintiff's claims are barred by the doctrines of laches, waiver, acquiescence, and/or estoppel.

## FOURTH AFFIRMATIVE DEFENSE

36.    Plaintiff's claims are barred because any use of the alleged trademark during the course of Defendants business was a fair use of the mark.

## FIFTH AFFIRMATIVE DEFENSE

37.    Plaintiff's claims are barred because Plaintiff fraudulently obtained any trademark

-4-

rights at issue.

## SIXTH AFFIRMATIVE DEFENSE

38.    Plaintiff's claims are barred because of Defendants' prior use of the alleged

trademark.

## SEVENTH AFFIRMATIVE DEFENSE

39.    Plaintiff's claims are barred because the applicable statute of limitations has

expired.

WHEREFORE, the Defendants pray for Judgment as follows:

1.    A Judgment in favor of the Defendants as to all causes of action.

2.    An order for costs and attorneys' fees under 15 U.S.C. § 1117.

3.    A Judgment granting the Defendants such other and further relief as the
Court deems just and proper.

Defendants demand a jury trial.

Dated: New York, New York.          Bingham McCutchen LLP
       October 15, 2007


By: s/ Philip L. Blum
    Philip L. Blum
    399 Park Avenue
    New York, NY
    10022-4689
    212.705.7916


Robert A. Schroeder (not admitted to practice in S.D.N.Y.)
355 South Grand Avenue, Suite 4400
Los Angeles, CA 90071-3106

*Attorneys for Defendants*
*Milk Studios, LLC and Drive In 24, LLC*

A/72250457.2/3001432-0000328138